UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE NELSON,<br><br>          Plaintiff,<br><br>  v.<br><br>UNUM GROUP, a Delaware corporation, and DOES 1 through 20,<br><br>          Defendant. | Civil No. 10cv2612-DMS (CAB)<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEYS FEES** |

  Before the Court is plaintiff Diane Nelson's motion for attorneys' fees. Nelson and defendant Unum Group ("Unum") reached a settlement of this case at the Early Neutral Evaluation Conference. As part of the settlement agreement, the parties agreed plaintiff could submit a fee application to the undersigned. The defendant could submit objections. The Court's award is final and the total cannot exceed an agreed ceiling of $18,247.19. [Doc. No. 10.]  The parties executed the settlement and the case was dismissed with prejudice on April 18, 2011. [Doc. No. 15.]

  Plaintiff submitted her application for fees on March 9, 2011. Defendant filed its opposition on March 28, 2011. Plaintiff submitted her reply on April 1, 2011. The Court finds this application suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

Background

  Nelson was employed as the IT Director at a law firm.  On October 5, 2007, Nelson resigned from work due to health complaints of major depression, dizziness and headaches. Nelson

made a claim to Unum for Total Disability Benefits, on or about April 30, 2008.

On September 8, 2008, Unum concluded based on its review of Nelson's records as of that date, that a total disability finding based on psychiatric restrictions was not supported for the period of October 5, 2007 to March 31, 2008.  Unum did determine that psychiatric restrictions were supported on and after March 31, 2008, and paid benefits commencing June 29, 2008 (after a 90-elimination period) until July 16, 2008, after which Unum concluded Nelson was no longer totally disabled as a result of depression.

With regard to her balance disorder and headaches, Unum concluded based on the records it had, that although Nelson had a vestibular abnormality, it did not impact her functionality such that it made her eligible for benefits after July 16, 2008. On November 26, 2008, Unum notified Nelson it rejected her claim for total disability.

On December 8, 2008, Nelson retained James Mitchell, of Mitchell │ Gilleon Law Firm, to represent her and obtain a reversal of Unum's rejection of her disability claim.  Mitchell reviewed Nelson's medical records sporadically for the next eight months.  On or about August 7, 2009, Mitchell sent a letter to Unum advising the defendant that Mitchell's condition continued to deteriorate and her most recent medical examinations, from June 2009, indicated a diagnosis of multiple sclerosis, which was subsequently confirmed.

Upon receipt of Mitchell's letter with Nelson's recent medical evaluations, Unum re-evaluated Nelson's claim.  On October 14, 2009, Unum reinstated her benefits and paid retroactive benefits based on Nelson's last day of work, October 5, 2007, and the 90-day elimination period.

Nelson filed this lawsuit on November 15, 2010 in state court.  It was removed to federal court by the defendant on December 20, 2010.  Nelson's complaint alleges breach of contract and breach of the implied covenant of good faith and fair dealing, stating that defendant failed to provided benefits due her under her disability policy and did so in bad faith.  Nelson sought recovery of damages, including her attorneys' fees.

<u>Brandt fee recovery</u>

The parties settled Nelson's allegations that Unum failed to properly investigate and evaluate her claim, thereby denying her benefits in bad faith.  Had Nelson established that Unum

handled her claim in bad faith, in addition to contract damages and emotional distress damages, she could collect her reasonable attorneys' fees incurred to obtain her contract benefits. *Brandt v. Superior Court*, 37 Cal.3d 818, 817 (1985). As part of the settlement, the parties agreed that Nelson could submit her claim for *Brandt* fees – those fees reasonably incurred to obtain the benefits due under the policy.

Nelson submitted an application for $18,128.26 for work done between December 8, 2008 and October 3, 2009 by Mitchell and his associate Nicole Geske. This amount represents 20% of the retroactive policy benefits awarded Nelson in October, 2009, and is, according to Mitchell, a unilateral reduction he made from the contingency fee arrangement he had with Nelson, because "the case was resolved fairly quickly without the need for filing a lawsuit."[1] This number therefore reflects neither an amount actually incurred by Nelson, or the actual reasonable time spent at a reasonable rate. Consequently the Court rejects the amount tendered by plaintiff as a reasonable fee award and will employ the standard method in the Ninth Circuit for assessing fees.

Reasonable Fee Calculation

The calculation of a reasonable fee award involves a two-step process. First, the court must calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) the results obtained; and (5) the contingent nature of the fee agreement." *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir 1996). The second step involves the district court, in its equitable discretion, adjusting this amount "on the basis of other considerations." *Lytle v. Carl*, 382 F.3d 978, 988 (9th Cir. 2004).

The prevailing attorneys bear the burden of establishing entitlement to an award and must

---

[1]The Court understands Mitchell to be referring to the fact that Unum reversed its decision and reinstated payment of Nelson's policy benefits going forward, and retroactively, a year prior to the filing of this lawsuit, which was brought to establish bad faith and the damages associated with that determination.

document the appropriate hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the applicant submits evidence of the appropriate hours spent on litigation, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Applicants should make a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours from a fee request. *Hensley,* 461 U.S. at 434. "The district court has a great deal of discretion in determining the reasonableness of the fee." *Gates*, 987 F.2d at 1398.

<u>Reasonable Hourly Rates</u>

A reasonable hourly rate is calculated according to the prevailing market rates in the relevant community. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The community where the court sits is the relevant market for determining reasonable fees. *Deukmejian*, 987 F.2d at 1405. Mitchell│Gilleon Law Firm is located in San Diego. In his declaration supporting the fee application, Mitchell claims he would have charged $425 for his services in this case. Mitchell also claims a billing rate of $200 per hour for his first year associate Geske.

"The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir 1987). Affidavits of the applicant's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the applicant's attorney, are satisfactory evidence of the prevailing market rate. *See United Steelworkers of America v. Phelp Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In his declaration Mitchell supports his rate request with references two matters in which he states the San Diego Superior Court awarded him $425 per hour. No supporting documentation was provided to confirm these rate awards, however. With regard to Geske's rate, no evidence was provided to support her asserted billing rate.

Defendant argues that Mitchell's proffered rate is unreasonable, supported by the fact that the hourly rate for its lead counsel, with comparable skill and experience to Mitchell, was $275 per

hour for this litigation and the associate with over five years of experience was paid $185 per hour. Plaintiff counters that Unum's counsel works at a reduced rate – 25% to 30% less than the prevailing rate, in exchange for the increased volume of work. Applying plaintiff's formula, the prevailing rate would be approximately $360 to $395 per hour for lead counsel work.

Plaintiff has not provided satisfactory evidence that the requested rates are reasonable, particularly in light of defendant's evidence of the rates charged by its counsel for this matter. The Court finds that a reasonable rate for the work performed by Mitchell is $395 per hour and for Geske, $185 per hour.

Reasonable Hours Expended

The fee applicant bears the burden of documenting the appropriate hours expended. *Hensley*, 461 U.S. at 437. Plaintiff has provided time entries for the work incurred by counsel with descriptions. Plaintiff's submission forms the "starting point" for the Court's determination of the hours reasonably spent. *Ketchum v. Moses*, 24 Cal.4th 1122, 1134 (2001); *Vella v. Hudgins*, 151 Cal.App.3d 515, 524 (1984)(court not bound by an attorney's evidence in support of fee request).

Defendant contends the records are suspect because they include "block billing" in which the entry includes two or more tasks in a single total time entry. The use of block billing makes it difficult for a court to assess the reasonableness of time spent on the specific tasks incorporated in the block. *See generally, Christian Research Institute v. Alor*, 165 Cal.App.4th 1315, 1325 (2008). This issue will be addressed below.

Defendant also points out that counsels' billing increments are unclear. Time is not recorded in either quarter hour or tenths of an hour increments. Based on the records presented it appears Mitchell │Gilleon attorneys record time their time as percentages of an hour, so by example 1.75 would equal one hour plus 75% of an hour or an hour and 45 minutes; 0.15 equals 15% of a hour or 9 minutes; 0.35 equals 35% of an hour or 21 minutes. The Court reviews plaintiff's submission with this understanding of the meaning of the time entries.

Counsel was retained on December 8, 2008. After the initial meeting, Mitchell reviewed some documents from Nelson, the policy and Unum's rejection letter, and communicated with Nelson twice, for a total of 4.4 hours.

1            On March 9, 2009, Mitchell reviewed Nelson's medical records and other documents and
2   began his demand letter to Unum. No substantive action resulted from that review and the letter was
3   apparently not completed. He recorded 5 hours for this work.
4            During the following five months, little substantive work is performed on the file. There
5   are client communications in April, May and June and a telephone conference with a specialist in July,
6   for a total of 1.45 hours. There is no indication of any written work product or communications to
7   Unum during this time period.
8            Then on August 3, 2009, Mitchell again reviewed all the previously reviewed medical
9   records and the Unum surveillance tapes and reports for 3.5 hours. On August 6, he reviewed new
10  medical records, worked on the appeal letter and conferred with his client for a total of 5 hours. On
11  August 7, he completed his review of the surveillance records and completed the appeal letter to
12  Unum for a total of 2.5 hours. Because these entries are block entries, the time spent on each discrete
13  task cannot be accurately ascertained. On August 4 and 5, Mitchell had his associate, Geske, review
14  all Nelson's medical records and the surveillance tapes and reports, for which she billed 6 hours.
15  Consequently, the Court concludes that of the 11 hours Mitchell billed, 6 were spent on the records
16  reviews and 5 on the preparation of the letter and communicating with his client.
17           This is followed by entries in August, September and October for the review and response
18  to communications with Unum and client communications for a total of 4.1 hours.
19           The time billed by Mitchell on March 9, 2009 is excluded as duplicative of the time he
20  billed again on August 3 and 6, 2009. His hours in March resulted in no discernible benefit to his
21  client and he had to repeat this work five months later in August. Inefficient work is not subject to
22  compensation. *Ketchum*, 24 Cal 4th at 1132. Repeated review of the same file is excluded.
23           With regard to the hours billed by Geske, the delegation of review of the surveillance tapes
24  and reports to a first year associate is appropriate, but Mitchell's corresponding review of these same
25  materials was excessive. On the other hand, the Court finds no value in having a first year associate
26  with little or no experience review medical records already reviewed by counsel with 30 years
27  experience to determine if anything was missed. Training Geske on the review of medical records
28  should not be at defendant's expense. Because both Mitchell and Geske block billed their time for

the review of the medical records and the surveillance tapes, it is not possible to allocate the appropriate billing rate to each task using the records provided. Geske's time will be divided equally between the two tasks and 3 hours will be assigned to review of the medical records and three hours to review of the surveillance records.

The Court finds the following hours reasonable at the following rates:

| | | |
|---|---|---|
| December 8, 2008 to March 6, 2009 | Intake, initial review and client communications. | 4.4 hours @ $395 = $1,738.00 |
| April 6, 2009 to July 27, 2009 | Client and specialist communications. | 1.45 hours @ $395 = $572.75 |
| August 3, 2009 to August 7, 2009 | Review of medical records, preparation of demand letter and client communications. | 8 hours @ $395 = $3,160.00 |
| August 4, 2009 to August 5, 2009 | Review surveillance tapes and reports. | 3 hours @ $185 = $555.00 |
| August 19, 2009 to October 3, 2009 | Communications with Unum and client. | 4.1 hours @ $395 = $1,619.50 |
| | | Total $7,645.25 |

The Court may adjust this lodestar figure upward or downward, however there is a strong presumption that the lodestar figure represents a reasonable fee, and any upward or downward adjustment of that figure is proper only in "rare and exceptional cases." *VanGerwen v. Guar. Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000). The Court finds no necessity to further adjust the lodestar figure based on the facts of this case.

For the reasons set forth above, the Court awards Plaintiff a total of $7,645.25 in *Brandt* fees.  Defendant is hereby ordered to make payment of that amount to plaintiff no later than **May 31, 2011.**

DATED:  May 12, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge